IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Edward P. Semulka,
    Plaintiff

Case No. 17-846
(Jury Demand)

vs.

Attorney Robert Clark,
State of Pennsylvania,
Washington County Drug Task Force
    Defendants

Preliminary Statement

1. Nature of the Case:

This is a civil rights claim pursuant to the 13th amendment of coercion in involuntary servitude as defendant Attorney Robert Clark joined the use of false traffic citations by saying that the false traffic citations and court dates would continue to coerce Plaintiff into becoming a drug informant. Also state pendent claims of negligence and legal malpractice against Attorney Robert Clark for breaching his duty of care in not assessing Plaintiff's periods of incompetence in carrying out drug informant duties resulting in Plaintiff's heroin overdose death and revival in October of 2016. Attorney Robert Clark with police pressured Plaintiff into using illicit drugs to gain confidence of illicit drug dealers resulting in Plaintiff's heroin overdose death and revival in October of 2016.

A civil rights claim pursuant to the 13th amendment of coercion in involuntary servitude, Vicarious liability and Negligence against the State of Pennsylvania for issuing a memo to all police officers in Pennsylvania to coerce citizens and Plaintiff to become drug informants to help fight the war on drugs. The memo authorizes Plaintiff to carry illicit narcotics. The State of Pennsylvania issued a memo to all police officers in Pennsylvania to coerce citizens to become drug informants to help fight the war on drugs with no further instructions. The State of Pennsylvania vicariously used Attorney Robert Clark to recruit Plaintiff into being a drug informant resulting in Plaintiff's heroin overdose death and revival in October of 2016. The State of Pennsylvania was negligent in not training Attorney Robert Clark in

1

handling of drug informants. A State of Pennsylvania memo was negligent in not advising Attorney Robert Clark in rehabilitating Plaintiff and how to get Plaintiff out of the drug world after forcing Plaintiff into a world of illicit drugs and criminals only to frame Plaintiff in a drug transaction in 1991 and 1992. Plaintiff further is a full time drug informant permitted to carry narcotics and the State of Pennsylvania framed Plaintiff and fails to alert police officers that some drug informants are permitted to carry narcotics related to a memo. In short, Police officers should have access to a database to alert Police officers that some citizens are permitted to carry narcotics to help fight the war on drugs and should not be charged with drug offenses. Furthermore, plaintiff was forced to sell cocaine by Attorney Robert Clark and the Union Township Police to fund Plaintiff's full time job as cocaine informant. This was all legal related to a memo authorizing Plaintiff to possess and sell narcotics.

Attorney Robert Clark of Washington County Pennsylvania acting under the color state law is a state actor from 1985 to present day and forced plaintiff to become a drug informant for the DOJ, Pennsylvania State Police (through a memo), Union Township Police, Pittsburgh Police and FBI. Attorney Robert Clark represented Plaintiff on false traffic citation identity theft cases in 1985 to 1992 and actually conspired with the false traffic citations identity theft telling Plaintiff that the false traffic citations would continue unless Plaintiff became a drug informant. Plaintiff then worked as a drug informant from 1985 to 1992 and thereafter in approximately 100 tips and cases. In October of 2016, Plaintiff worked as drug informant for Attorney Robert Clark and now suffered a heroin overdose and was dead and had to be revived in October of 2016. Plaintiff sues Attorney Robert Clark, the State of Pennsylvania and Washington County Drug Task Force in involuntary servitude, and in negligence related to the heroin overdose death and reviving of Plaintiff in October of 2016.

In 1986, Union Township Police Officers knew who was writing false traffic citations against Plaintiff and further stated that they could put a hold on further false traffic citations if Plaintiff became a drug informant. Three Union Township Officers voted to use Plaintiff as a drug informant and stated that the War on drugs was escalating, people were dying and they needed Plaintiff to help fight the war on drugs. At first Plaintiff refused to become a drug informant but Canonsburg Police surveiled Plaintiff's

parents house, where Plaintiff was held, stopping Plaintiff from driving and working, by conducting traffic stops on Plaintiff telling Plaintiff he can not drive (despite Plaintiff having a valid drivers license), while the false traffic citations were continually investigated by the Canonsburg Police and Attorney Robert Clark for over a year. During that one year Plaintiff was held in Plaintiff's Parents house. <u>False traffic citations continued for over a year and then for 6 years from 1985 to 1992.</u> Union Township Police Officers stated in 1986 that they would keep Plaintiff's driver's license suspended to force Plaintiff to be a drug informant for the government. According to a Greg Binotto the false traffic citations were written by the Canonsburg Police with a Bernard Coleman whose relatives were Canonsburg Police officers. Greg Binotto stated that the Canonsburg Police and a Bernard Coleman stated that they could do anything to anybody. Police tactics of false traffic citations were taught by the Canonsburg Police to a Bernard Coleman at family get togethers according to a Greg Binotto. **<u>Attorney Robert Clark was in contact with Plaintiff recently in September 2016 to December of 2016 directing Plaintiff to continue to be a drug informant. Attorney Robert Clark and Union Township Police pressured Plaintiff to use illicit drugs to gain the confidence of drug dealers in the 1980's and 1990's. Plaintiff now suffered a heroin overdose and was dead and had to be revived in October of 2016. Plaintiff is not an illicit drug user and only used illicit drugs at the direction of Attorney Robert Clark and Union Township Police to gain the confidence of drug dealers.</u>**

Attorney Robert Clark and Union Township Police stated in 1986 that false traffic citations (written by Canonsburg Police according to a Greg Binotto) will continue, court dates would continue, Plaintiff could not drive (police traffic stops telling Plaintiff to go home due to a false investigation where Canonsburg Police wrote false traffic citations according to a Greg Binotto), Plaintiff could not work and Plaintiff would be held in virtual house arrest (with false traffic stops) unless Plaintiff agreed to become a drug informant. Up until 1986 Plaintiff was a non drug user, practiced just say no to drugs, was making up to $2200 per week as a construction contractor, is catholic and went to church weekly, planned to become a catholic priest, was engaged to a catholic girl (which the marital engagement was broken by the false

3

traffic citation problems), attended catholic church with her and prayed daily. In the words of the Canonsburg Police (according to a Greg Binotto), Canonsburg Police used false traffic citations and false traffic stops and conspired to **stop** plaintiff from marriage, **stop** plaintiff from entering the Air Force, and **stop** Plaintiff from continuing a construction company making up to $2200 per week partially due to unemployed disgruntled citizens with Canonsburg Police according to a Greg Binotto. **Plaintiff was raped by a Dana Negley several times when placed at a witness protection house by defendants in Lower Burrell Pa. in 1986**. Then Plaintiff was told by Attorney Robert Clark that Plaintiff could not tell Plaintiff's fiancé about the rape. Since Plaintiff travelled from New Jersey to Washington County Pennsylvania 7 hours away to attend the false traffic citation hearings, Plaintiff was separated from his fiancé by the defendants ongoing investigation ruining Plaintiff's marital engagement as Canonsburg Police and Bernard Coleman planned according to a Greg Binotto.

Plaintiff continued to be a drug informant from 1985 to 1992 in approximately 100 contacts to the government and was framed in an arrest while investigating illicit drugs for the government in 1991 and 1992. The government permitted Plaintiff to possess narcotics via a memo sent to all police officers in Pennsylvania so the 1991 and 1992 cases were framed and should be reversed and this case should be turned over to Pa State Court to have Plaintiff's 1991 Allegheny County and 1992 Washington County framed drug cases cases reversed.

Jurisdiction: This action arises under the Constitution of the United States and the laws of the United States including a § 1983 civil rights case and involuntary servitude, a Claim of Negligence and a state pendent claim of legal malpractice against attorney Robert Clark. Plaintiff acting pro se and in good faith asks for a liberal reading on this entire complaint including jurisdiction.

Venue: Plaintiff acting pro se and in good faith asks for a liberal reading on this entire complaint including venue. Venue is proper as the drug overdose death and reviving occurred in Allegheny County Pennsylvania.

4

Facts :

Attorney Robert Clark was retained as Plaintiff's attorney by Plaintiff in 1985 to 1992 and through letters Plaintiff has kept in contact with Attorney Robert Clark to present. Attorney Robert Clark joined in the writing of false traffic citations with Canonsburg Police in 1985 to 1987 saying the false traffic citations will continue and Plaintiff could not leave his parents house. Attorney Robert Clark said Plaintiff would have to go to court nearly weekly as hearings were scheduled and canceled and the false citations would continue until Plaintiff agreed to become a drug informant for the government. Attorney Clark continued to say to Plaintiff from 1985 to 1992 that Plaintiff has to work for the government to help fight the war on drugs as false traffic citations continued to be sent to Plaintiff. In September of 2016 Plaintiff contacted Attorney Robert Clark and Attorney Robert Clark instructed Plaintiff to contact a Drug Task Force which Plaintiff did. Plaintiff then while working as a drug informant for Attorney Robert Clark in October of 2016 overdosed on heroin and had to be revived. <u>Plaintiff hereby sues Attorney Robert Clark of Washington County Pennsylvania for forcing Plaintiff to be a drug informant using false traffic citations</u>. <u>Furthermore, Plaintiff sues Attorney Robert Clark in Negligence for causing the heroin overdose death and reviving Plaintiff suffered in October of 2016</u>. <u>Plaintiff also sues the State of Pennsylvania for using Attorney Robert Clark as a state actor in this case. Plaintiff also sues Washington County for its Drug Task Force instructing Plaintiff to provide illicit drug tips</u>. Plaintiff asserts that a written memo in the possession of the State of Pennsylvania authorizes Plaintiff to possess illicit narcotics. Plaintiff asserts that Plaintiff is not a illicit drug user and was taught to use illicit drugs by Attorney Robert Clark and Union Township Police to gain confidence of drug dealers to investigate them. These actions led to the overdose death and reviving of Plaintiff in October of 2016.

Damages: Plaintiff seeks an amount for death and reviving lawsuit also punitive damages given the long time, 32 years, that Plaintiff has been coerced to work as a drug informant under Attorney Robert Clark.

Plaintiff hereby seeks a jury demand and $2,800,000 in pain and suffering damages and $2,800,000 in punitive damages for the heroin overdose death caused by defendants. Since Attorney Robert Clark is considered under the color of state law, Plaintiff sues the State of Pennsylvania since a written memo exists in the possession of the State of Pennsylvania that authorizes Plaintiff to possess narcotics which again Plaintiff never wanted to be a drug informant or use illicit drugs. Furthermore, in 1986 Attorney Robert Clark said to Plaintiff "*we may let you go into the Air Force (Plantiff took an oath to enter the Air Force)*", while false traffic citations were written and sent to Plaintiff. The "*we*" in that sentence referred to the Union Township Police, Attorney Robert Clark, Canonsburg Police together with a PA State Attorney General Memo forcing Plaintiff to possess narcotics creates state action. Attorney Robert Clark stated We referring to himself, the State of Pennsylvania , Union Township Police, Canonsburg Police and Pittsburgh Police.

CAUSE OF ACTION

I COUNT I - ATTORNEY ROBERT CLARK, AND THE STATE OF PENNSYLVANIA WERE NEGLIGENT AND BREACHED THEIR DUTY OF CARE IN IN FORCING PLAINTIFF TO USE NARCOTICS TO GAIN CONFIDENCE OF ILLICIT DRUG DEALERS AND NOT ASSESSING PLAINTIFF'S MEDICAL CONDITION AND PERIODS OF INCOMPETENCE TO CARRY OUT DRUG INFORMANT DUTIES RESULTING IN PLAINTIFF'S HEROIN OVERDOSE DEATH AND REVIVAL IN OCTOBER OF 2016:

As the foregoing proves, Attorney Robert Clark acted under the color of state law. Also, Attorney Clark breached his duty of care when alerted of Plaintiff's disability and periods of incompetence Attorney Clark should not have coerced Plaintiff to continue to be a drug informant. Washington County drug task force breached their duty of care in not discovering Plaintiff's disability and fitness in carrying out drug informant duties when Attorney Robert Clark sent a letter to Plaintiff to contact the Washington County Drug Task Force in September of 2016. The State of Pennsylvania breached their duty of care by not training Plaintiff ever in any drug informant tasks. Originally between 1986 and 1992 Attorney Robert

<u>Clark and Union Township Police pressured Plaintiff to use illicit drugs, saying you have to do it, to gain confidence of drug dealers breached their duty of care resulting in the overdose death and revival of Plaintiff in October of 2016</u>. When Attorney Robert Clark directed Plaintiff to phone the Washington County Drug Task Force in September of 2016 to continue to be a drug informant Attorney Clark clearly breached his duty of care by not assessing Plaintiff's fitness and incompetence to carry out drug informant duties resulting in an overdose death and revival of Plaintiff. For all these reasons the defendants were negligent in this case and jury trial is hereby demanded.

II COUNT II - THE STATE OF PENNSYLVANIA IS VICARIOUSLY LIABLE FOR THE ACTS OF ATTORNEY ROBERT CLARK WHOM FORCED PLAINTIFF TO BECOME A DRUG INFORMANT AND WHOM FORCED PLAINTIFF TO USE ILLICIT DRUGS TO GAIN CONFIDENCE OF ILLICIT DRUG DEALERS RESULTING IN PLAINTIFF'S HEROIN OVERDOSE DEATH AND REVIVAL IN OCTOBER OF 2016

The State of Pennsylvania put out memos to all pennsylvania police officers to recruit citizens into becoming drug informants to help fight the war on drugs. Attorney Robert Clark was used by the State of Pennsylvania to recruit drug informants. Plaintiff was recruited to become a drug informant by use of false traffic citations. The state of Pennsylvania is vicariously liable for the acts of Attorney Robert Clark having used attorney Robert Clark to recruit Plaintiff as a drug informant. Since Plaintiff suffered a heroin overdose while working as a drug informant for attorney Clark, the State of Pennsylvania is vicariously liable for Plaintiff's heroin overdose death and revival given that Plaintiff was pressured into illicit drug use by Attorney Robert Clark to gain confidence of illicit drug dealers.

III COUNT III PLAINTIFF WAS COERCED TO WORK AS A DRUG INFORMANT WHEN DEFENDANTS USED FALSE TRAFFIC CITATIONS TO SUSPEND PLAINTIFF'S DRIVING PRIVILEGES TO COERCE PLAINTIFF INTO WORK AS A DRUG INFORMANT WAS INVOLUNTARY. THIS DEPRIVED PLAINTIFF'S RIGHT TO BE FREE FROM INVOLUNTARY

SERVITUDE. PRESSURED TO USE ILLICIT DRUGS BY POLICE AND ATTORNEY ROBERT CLARK PLAINTIFF WORKING AS A DRUG INFORMANT SUFFERED A HEROIN OVERDOSE AND HAD TO BE REVIVED IN OCTOBER OF 2016.

As the Court held in Kozminski, (Kozminski, 487 U.S. at 952). the Thirteenth Amendment prohibits "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process.

In Plaintiff's case Attorney Robert Clark, Canonsburg Police and the State of Pennsylvania violated the 13th amendment of Plaintiff's right to be free from involuntary servitude where Plaintiff was coerced to become a drug informant by use of false traffic citations and then police traffic stops and telling Plaintiff that he can not drive in 1986 to 1992. The Union Township Police and Attorney Robert Clark then coerced Plaintiff to drive without a driver's license when the false traffic citations caused Plaintiff a drivers license suspension. Union Township Police stated that they were going to keep Plaintiff's driver's license suspended to keep Plaintiff as a drug informant as police in Pennsylvania allowed Plaintiff to drive without a drivers license as a drug informant. These actions although many years ago carry weight in Plaintiff's October of 2016 overdose death and revival while working as a drug informant for the State of Pennsylvania through Attorney Robert Clark and the Washington County drug task force as Plaintiff has been working for Attorney Robert Clark and the State of Pennsylvania and the Washington County Drug Task Force involuntarily. Union Township Police stated that drug informant is Plaintiff's job while ruining Plaintiff's military career, construction company and marital engagement as defendants planned according to a Greg Binotto.

Respectfully,

s/Edward P. Semulka
Edward P. Semulka