## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD P. SEMULKA,

       Plaintiff,

       vs.

ATTORNEY ROBERT CLARK,
STATE OF PENNSYLVANIA,
WASHINGTON COUNTY DRUG
TASK FORCE,

       Defendants.


**JURY TRIAL DEMANDED**


*ELECTRONICALLY FILED*

Civil Action No. 2:17-cv-00846-DSC


**BRIEF IN SUPPORT OF
MOTION TO DISMISS**


Filed by the Defendant,
**Robert N. Clarke, Esquire**


Counsel of Record for this Defendant:

Robert J. Grimm, Esquire
PA ID #55381
Swartz Campbell LLC
Koppers Building, Floors 7 and 8
436 7th Avenue
Pittsburgh, PA 15219
(412) 560-3267
rgrimm@swartzcampbell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD P. SEMULKA,                         Civil Action No. 2:17-cv-00846-DSC

        Plaintiff,

    vs.

ATTORNEY ROBERT CLARK,
STATE OF PENNSYLVANIA,
WASHINGTON COUNTY DRUG
TASK FORCE,

        Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, comes the Defendant, Robert N. Clarke, Esquire, incorrectly identified as Attorney Robert Clark, by and through his attorneys, Robert J. Grimm, Esquire and the law firm of Swartz Campbell, LLC, and files the instant Brief in Support of Motion to Dismiss, setting forth in support thereof:

## I.  FACTS & PROCEDURE

The Plaintiff, Edward P. Semulka (hereinafter "Mr. Semulka"), is no stranger to this Court, nor other federal district and appellate courts sitting within the Commonwealth and the larger Circuit.[1]  This Court is also not unfamiliar with Mr. Semulka's signature manner of

---

[1] Mr. Semulka has been before this Court and a number of others as both a criminal defendant and civil litigant—plaintiff and defendant—on countless occasions.  See United States v. Semulka, Criminal No. 06-281, 2007 U.S. Dist. LEXIS 27924 (W.D. Pa. Apr. 16, 2007); United States v. Semulka, Criminal No. 06-281, 2008 U.S. Dist. LEXIS 31 (W.D. Pa. Jan. 2, 2008); United States v. Semulka, Criminal No. 06-281, 2012 U.S. Dist. Lexis 88272 (W.D. Pa. June 26, 2012); United States v. Semulka, 431 Fed. App'x 138 (3d Cir. 2011); Semulka v. Bureau of Prisons, 316 Fed. App'x 173 (3d Cir. 2009); Semulka v. Bureau of Prisons, No. 1:08-cv-1290, 2008 U.S. Dist. LEXIS 60907 (M.D. Pa. July 31, 2008); Semulka v. Moschell, 401 Fed. App'x 628 (3d Cir. 2010); Semulka v. Doe, 373 Fed. App'x 138 (3d Cir. 2010); Semulka v. Pennsylvania, No. 2:12-cv-713, 2012 U.S. Dist. LEXIS 192833 (W.D. Pa. Sept. 20, 2012); Semulka v. Pennsylvania, 515 Fed. App'x 74 (3d Cir. 2013); Semulka v. Pennsylvania, 571 U.S. 1078 (2013); Semulka v. Fagella, No. 95-3287, 1995 U.S. App. LEXIS 35687 (3d Cir. Nov. 20, 1995); DirecTV, Inc. v. Semulka, No. 04-769, 2006 U.S. Dist. LEXIS 15043 (W.D. Pa. Feb. 9, 2006).

pleading, which is marked by unintelligible and meritless allegations and claims.  See Semulka v. Pennsylvania, No. 2:12-cv-713, 2012 U.S. Dist. LEXIS 192833, *1 (W.D. Pa. Sept. 20, 2012) ("In a rambling, disjointed account, Plaintiff [Semulka] alleges a course of conduct by several actors from in or around 1982 to 2002 . . . ."); Semulka v. Pennsylvania, 515 Fed. App'x 74, 74 (3d Cir. 2013) ("We agree with the [Western] District Court that the complaint is rambling and fails to present any colorable legal basis for relief."); and see Semulka v. Moschell, 401 Fed. App'x 628, 628 (3d Cir. 2010) ("[I]t was impossible to determine from the pleading whether Semulka had an arguably meritorious claim.").

The Complaint now before this Court was filed on June 27, 2017, along with a Motion for Leave to Proceed *In Forma Pauperis*.  See Docket Entry No. 1.  The Complaint names three Defendants: Attorney Robert Clark [sic] (hereinafter "Mr. Clarke"), the State of Pennsylvania (hereinafter "Pennsylvania"), and the Washington County Drug Task Force (hereinafter "Drug Task Force").   The Complaint, which implicates individuals and entities not named as Defendants and which embodies a litany of grievances dating back decades, is virtually incomprehensible.  The gist of the Complaint, however, would seem to be this: Mr. Clarke, the Drug Task Force, and Pennsylvania conspired to use "false traffic citations" and/or trumped-up drug charges dating back to the mid-1980s and through the early 1990s, coupled with the threat of interminable prosecutions, in order to "coerce" Mr. Semulka into becoming a drug informant which, some way or another, led to him dying from a heroin overdose in October of 2016, only to be revived.  Where Mr. Clarke is concerned, Mr. Semulka appears to be bringing a Section 1983 claim, a claim for involuntary servitude under the 13th Amendment, an ordinary negligence claim, and a legal malpractice claim.  Mr. Semulka's Complaint against Mr. Clarke should be dismissed for the reasons discussed herein.

## II.  ARGUMENT IN SUPPORT OF DISMISSAL

### A.  *Mr. Semulka's Process And Service Of Process Were Insufficient And The Court, Therefore, Lacks Personal Jurisdiction Over Mr. Clarke*

Federal Rule of Civil Procedure 12 permits the filing of a motion to dismiss by way of asserting various interrelated defenses, including service-oriented and jurisdictional defenses. See Fed. R. Civ. P. 12(b)(2),(4)&(6).  When a defendant challenges service, the burden falls to the plaintiff to prove that his or her service of an initial pleading was timely and otherwise procedurally sufficient.  See Gottlieb v. Sandia American Corp., 452 F.2d 510, 513 (3d Cir. 1971) ("Once the issue of service of process has been raised, the plaintiff bears the burden to establish the validity of the service of process.").

Federal Rule of Civil Procedure 4 provides that a "summons must be served with a copy of the complaint," and that both the summons and the complaint must be served "within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).  Per Rule 4(m), the summons and complaint must be served within 90 days of the date of filing.  See Fed. R. Civ. P. 4(m).  In Nelson v. Jones & Brown, this Court dismissed a complaint to join an additional defendant because it found that it lacked personal jurisdiction over the additional defendant given the plaintiff's failure to serve—along with the complaint itself—a copy of the summons or a request for waiver of service of the summons.  No. 01-481, 2002 U.S. Dist. LEXIS 22602, *6-9 (W.D. Pa. May 16, 2002).  This Court also ruled that its dismissal was supported by the fact that service of the complaint was not timely.  Id. at *11.

Here, Mr. Clarke received by certified mail a copy of the Complaint—and only the Complaint—on or about October 29, 2018, or approximately one (1) year and four (4) months after the Complaint was filed.  Thus, Mr. Semulka failed both to serve the Complaint within 90 days and to serve a summons or, alternatively, a request for waiver of service of a summons.

Unless and until Mr. Semulka comes forward with some justification or showing of good cause

for the late and incomplete service, the Complaint against Mr. Clarke should be dismissed.  This

is required insofar as the Court is deprived of jurisdiction over the person of Mr. Clarke for want

of sufficient process and sufficient service of process.

**B.** ***Mr. Semulka's Complaint Is Frivolous And, Factually And Legally Speaking, Fails To Set Forth Any Meritorious Claims Against Mr. Clarke***

Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court is compelled to dismiss an action brought

*in forma pauperis* if it determines that the action is "frivolous or malicious." See <u>Burrell v.</u>

<u>Loungo</u>, No. 3:14-cv-01891, 2016 U.S. Dist. LEXIS 94561, *7 (M.D. Pa. July 18, 2016).

> An action is "frivolous where it lacks an arguable basis in either law or fact." To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial."

<u>Id.</u> at *7-8 (internal citations omitted).  Section 1915(e)(2)(B)(ii), meanwhile, requires dismissal

if, in the parlance of Federal Rule of Civil Procedure 12(b)(6), an *in forma pauperis* litigant's

complaint "fails to state a claim on which relief may be granted."

> The *in forma pauperis* statute further mandates that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." "Under Rule 12(b)(6), a motion to dismiss may be granted [] if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court

> finds the plaintiff's claims lack facial plausibility." Although the Court
> must accept the allegations in the complaint as true, it is not compelled to
> accept "unsupported conclusions and unwarranted inferences, or a legal
> conclusion couched as a factual allegation."

Id. at *8-9 (internal citations omitted).

**(i)    *Mr. Semulka's Section 1983 Claim***

In the "Jurisdiction" section of Mr. Semulka's Complaint, he explicitly references 42

U.S.C. § 1983 as the basis for his "civil rights" and "involuntary servitude" claims against Mr.

Clarke. See Complaint at p. 4. Section 1983 "provides a cause of action for 'any person who

has been deprived of rights secured by the Constitution or laws of the United States by a person

acting under color of state law.'" Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002).

> To recover under § 1983, a plaintiff must establish: 1) that the conduct
> complained of was committed by a person acting under color of state
> law; and 2) that as a result of this conduct plaintiff was deprived of
> rights, privileges or immunities secured by the Constitution or the laws
> of the United States. To satisfy the state action requirement under §
> 1983, a plaintiff must prove that the alleged violations are "fairly
> attributable to the state" and courts require careful adherence to the state
> action requirement because it "preserves an area of individual freedom
> by limiting the reach of federal law and federal judicial powers."
> …
> If the record does not reflect that the defendant acted under color of state
> law when engaged in the alleged misconduct, a claim for violation of
> civil rights under § 1983 must fail as a matter of jurisdiction and there is
> no need for the court then to determine whether a federal right has been
> violated.

Untracht v. Fikri, 454 F. Supp. 2d 289, 316 (W.D. Pa. 2006). In Pennsylvania, Section 1983

claims are subject to a two-year statute of limitations. See Swift v. McKeesport Hous. Auth.,

726 F. Supp. 2d 559, 568 (W.D. Pa. 2010).

First, Mr. Clarke is not now, nor has he ever been, a "state actor" within the meaning of

Section 1983. Mr. Clarke is a private citizen and attorney with a general civil and criminal

defense practice based in and around Washington County. Contrary to Mr. Semulka's claim, Mr.

Clarke did not, at any time or in any manner, act at the behest of or in concert with the Drug Task Force, the Pennsylvania State Police, any municipal police forces, the Department of Justice, or the Federal Bureau of Investigation. See Complaint at p. 2. To the extent that Mr. Clarke ever had any involvement with Mr. Semulka, it was limited to serving as his personal legal counsel. Mr. Semulka essentially concedes as much when he admits that "Attorney Robert Clark was retained as Plaintiff's attorney by Plaintiff in 1985 to 1992 . . . ." Id. at p. 5. The courts are fairly unanimous that privately retained attorneys such as Mr. Clarke are *not* state actors.

> "It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Further, the Third Circuit Court of Appeals has long espoused that [a]lthough states license lawyers to practice, and although lawyers are deemed "officers of the court," this is an insufficient basis for concluding that lawyers act under color of state law for the purposes of 42 U.S.C. § 1983.

Mickhail v. Kahn, 991 F. Supp. 2d 596, 644 (E.D. Pa. 2014) (internal citations omitted).

Second, as just alluded to above, Mr. Semulka avers in his Complaint that he retained Mr. Clarke to represent him during the years 1985 to 1992. See Complaint at p. 5. Elsewhere throughout his Complaint, Mr. Semulka refers to this timeframe not only in connection with Mr. Clarke's legal representation, but also in relation to Mr. Clarke's alleged conduct in coercing him to function as a drug informant. See, eg., id. at p. 2 ("Robert Clark . . . forc[ed] Plaintiff into a world of illicit drugs and criminals only to frame Plaintiff in a drug transaction in 1991 and 1992."). The statute of limitations on Section 1983 claims is only two years. Consequently, to the extent that Mr. Semulka's Section 1983 claim against Mr. Clarke is premised on purported conduct dating back to the 1980s and the 1990s, his claim is obviously time-barred.

Third and finally, it must be said that Mr. Clarke did not do any of the preposterous things of which he stands accused. To wit, Mr. Clarke did not force Mr. Semulka to associate with criminals, sell drugs, use drugs, or overdose on drugs. See Complaint at p. 3. Mr. Clarke did not cause Mr. Semulka to lose a well-paying job or forgo joining the Air Force. Id. at pp. 3-4. He was not responsible for Mr. Semulka's failed marriage engagement or his abandonment of the Catholic priesthood, which, it should be noted, are irreconcilable in the first place, as Catholic priests are forbidden to marry. Id. Mr. Semulka's allegations are not only false, they are "fanciful," "fantastic," "delusional," and "wholly incredible," such that they expose the factual frivolousness of Mr. Semulka's Complaint and invite its dismissal. See 28 U.S.C. § 1915(e)(2)(B)(i); and see supra Untracht v. Fikri, 454 F. Supp. 2d at 316.

### (ii)   *Mr. Semulka's 13th Amendment Involuntary Servitude Claim*

In addition to his Section 1983 claim, Mr. Semulka advances a claim sounding in involuntary servitude under the 13th Amendment to the Constitution of the United States. The 13th Amendment provides:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction. Congress shall have power to enforce this article by appropriate legislation.

U.S. Const., Amend. XIII. As this Court has observed:

> The United States Supreme Court has held that "the term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." U.S. v. Kozminski, 487 U.S. 931, 952 (1988). Citing to Kozminski for the proposition that "the phrase 'involuntary servitude' was intended . . . 'to cover those forms of compulsory labor akin to African slavery,'" the United States Court of Appeals for the Third Circuit has found that "[m]odern day examples of involuntary servitude have been limited to labor camps, isolated religious sects, or

> forced confinement." <u>Zavala v. Wal Mart Stores Inc.</u>, 691 F.3d 527, 540
> (3d Cir. 2012); <u>Steirer v. Bethlehem Area Sch. Dist.</u>, 987 F.2d 989, 999
> (3d Cir. 1993).

<u>Wood v. Wood</u>, No. 16-995, 2017 U.S. Dist. LEXIS 1290, *21-22 (W.D. Pa. Jan. 5, 2017).

Further, "where a plaintiff has a choice, . . . there can be no involuntary servitude, even if that

choice is a painful one." <u>Dolla v. Unicast Co.</u>, 930 F. Supp. 202, 2016 (E.D. Pa. 1996).

Mr. Semulka cannot state a claim for involuntary servitude. Even accepting "as true" the

allegations in Mr. Semulka's Complaint, he has not pled averments and allegations that plausibly

establish the material elements of a claim for involuntary servitude and that entitle him to relief.

That is, even if he was enlisted to work as a drug informant, he has not pled and cannot

convincingly argue that working for the government in such a role was on par with enslavement.

He has not pled and surely cannot prove that he was detained and held against his will. He has

not pled and surely cannot prove that he was brainwashed or indoctrinated. In truth, it is evident

from his Complaint that he could have chosen to refuse working as a drug informant.

Theoretically, he may have been subject to some continuing negative consequences of his

refusal, but the choice remained his, even if it would have been a "painful" choice. Mr.

Semulka's 13th Amendment involuntary servitude claim should be dismissed because it is

meritless.

### (iii)   *Mr. Semulka's Negligence and Legal Malpractice Claims*

Mr. Semulka has also attempted to assert claims for negligence and legal malpractice

against Mr. Clarke. To begin with, both of these claims should be dismissed because the two-

year statute of limitations applicable to them has expired. See <u>Klein v. Commerce Energy, Inc.</u>,

256 F. Supp. 3d 563, 589 (W.D. Pa. 2017) ("Under Pennsylvania law, the statute of limitations is

. . . two years for a claim for negligence."); <u>and see</u> <u>Garland v. US Airways, Inc.</u>, No. 05-140,

**9**

2007 U.S. Dist. LEXIS 18152, *40 (W.D. Pa. Mar. 14, 2007) ("The Pennsylvania statute of limitations for legal malpractice claims is two years."). Mr. Semulka's Complaint is based on legal representation and other events stretching back to the late 1980s and into the early 1990s. Mr. Semulka states: "Attorney Robert Clark was retained as Plaintiff's attorney by Plaintiff in 1985 to 1992 . . . ." See Complaint at p. 5. He further states: "Attorney Robert Clark represented Plaintiff on false traffic citation identify theft cases in 1985 to 1992." Id. at p. 2. While Mr. Semulka claims that Mr. Clarke has "kept in contact" by sending him letters, he does not plead that the relationship has continued between them as that of attorney representing client. Id. at p. 5. There can be no doubt that Mr. Semulka's negligence-based claims, which were not filed until June of 2017, and which are directly linked to what ostensibly happened decades ago, are untimely and must be dismissed.

Further, with regard to the legal malpractice claim, independent grounds for its dismissal exist given Mr. Semulka's failure to file a Certificate of Merit, as required by Pennsylvania Rule of Civil Procedure 1042.3. The Rule mandates that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, *or the plaintiff if not represented*, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party . . . ." Pa. R. Civ. P. 1042.3(a) (italics supplied). The requirement to file a Certificate of Merit is a substantive legal requirement, Booker v. United States, 366 Fed. App'x 425, 426 (3d Cir. 2010), and a plaintiff's *pro se* status does not excuse his or her noncompliance, Iwanjeko v. Cohen & Grigsby, P.C., 249 Fed. App'x 938, 944 (3d Cir. 2007). See Buxton v. Dougherty, No. 2:15-cv-1653, 2018 U.S. Dist. LEXIS 122292, *5-6 (W.D. Pa. July 23, 2018) (dismissing plaintiff's legal malpractice claim for failure to file a Certificate of Merit, because the requirement applies "with

equal force to *pro se* litigants"). This Court has consistently dismissed legal malpractice claims under similar circumstances, where, at the outset, the claim was untimely *and* the complainant failed to file a Certificate of Merit. See Retter v. Douglas, No. 2:12-cv-792, 2014 U.S. Dist. LEXIS 32341, *35-36 (W.D. Pa. Mar. 13, 2014) ("Where the defendant is a licensed professional, a plaintiff must file a certificate of merit by an appropriate licensed professional indicating that a reasonable probability exists that the licensed professional deviated from the applicable standard of care before the action can proceed. The failure to do so within 60 days of the filing of the claim subjects it to dismissal upon request of the defendant. The plaintiff cannot overcome this shortcoming where the statute of limitations has run."). Accordingly, Mr. Semulka's legal malpractice claim against Mr. Clarke should be dismissed as he has not filed a Certificate of Merit and because granting him an extension to do so would be fruitless as the statute of limitations on any such claim has expired.

If the Court decides against outright dismissing the negligence and legal malpractice claims, it should, at a minimum, decline to exercise jurisdiction over the same.

> Given that we recommend dismissal of all of the federal law claims for failure to state a claim upon which relief can be granted, we also recommend that the Court decline to exercise supplemental jurisdiction over the state law claims of legal malpractice. See, e.g., Bonenberger v. Plymouth Twp., 132 F.3d 20, 23 n.1 (3d Cir. 1997) ("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"); see also 28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim . . . if [it] has dismissed all claims over which it has original jurisdiction . . . .".

Bailey v. Marcus, No. 13-255, 2013 U.S. Dist. LEXIS 77619, *9-11 (W.D. Pa. Apr. 3, 2013) (some internal citations omitted). Mr. Clarke submits that the Court, in the event it dismisses Mr. Semulka's federal claims, should refrain from exercising supplemental jurisdiction over Mr.

Semulka's pendant state law claims.  There are no reasons to justify retaining jurisdiction and the claims can easily be addressed through a state court action.

### C.  *Motion For A More Definite Statement*

Finally, and in the alternative, if the Court does not dismiss Mr. Semulka's Complaint, then it should, at the very least, order him to file an amended pleading.  Federal Rule of Civil Procedure 12(e) authorizes a party to make a Motion for a More Definite Statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  F.R.C.P. 12(e). "Motions for more definite statements arise in . . . 'cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Schaedler v. Reading Eagle Publ'ns, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  "Motions for [a] more definite statement . . . should [be granted . . .] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading."  Synagro-WWT v. Rush Twp., Penn., 204 F.Supp. 827, 849-50 (M.D. Pa. 2002).  Further, even though courts liberally construe pleadings filed by *pro se* litigants, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Mr. Clarke is hesitant to point out all of the deficiencies in Mr. Semulka's Complaint. Suffice to say, the Complaint, like others Mr. Semulka has previously filed in this Court, is "rambling and disjointed."  See Semulka v. Pennsylvania, No. 2:12-cv-713, 2012 U.S. Dist. LEXIS 192833, *1 (W.D. Pa. Sept. 20, 2012) ("In a rambling, disjointed account, Plaintiff [Semulka] alleges a course of conduct by several actors from in or around 1982 to 2002 . . . ."); Semulka v. Pennsylvania, 515 Fed. App'x 74, 74 (3d Cir. 2013) ("We agree with the [Western] District Court that the complaint is rambling and fails to present any colorable legal basis for

relief."). The Complaint is an extremely muddled and confusing jeremiad. Many individuals and entities are identified that are not even being sued. The Complaint is characterized by bizarre detours into personal matters, including Mr. Semulka's religious beliefs and a sexual assault he allegedly suffered over 30 years ago.

Mr. Clarke acknowledges that Mr. Semulka is representing himself and should not be expected to articulate allegations and legal theories of liability on par with an attorney. However, Mr. Clarke simply does not know how to respond to the Complaint in its present form, especially insofar as it includes so many impertinent and wildly outlandish allegations. Mr. Clarke, then, is at a clear disadvantage and prejudiced in his ability to both answer and defend against Mr. Semulka's claims. As such, the Court should order Mr. Semulka to file an amended pleading setting forth a more definite statement of his claims.

### III. CONCLUSION

The instant action should be dismissed because Mr. Semulka did not effectuate proper and timely service of a summons and his Complaint. Mr. Semulka's Section 1983 and 13th Amendment involuntary servitude claims should be dismissed because they are factually and legally meritless and verge on the frivolous. Mr. Semulka's negligence and legal malpractice claims are untenable and should be dismissed as they were filed beyond the statute of limitations. If the action is not dismissed, Mr. Semulka should nevertheless be ordered to file a Complaint that sets forth his allegations and claims in an orderly and comprehensible manner.

WHEREFORE, the Defendant, Robert N. Clarke, Esquire, respectfully requests that this Honorable Court dismiss the Complaint filed by the Plaintiff, Edward P. Semulka, in its entirety and with prejudice.

Respectfully submitted,

SWARTZ CAMPBELL, LLC

/s/ Robert J. Grimm, Esquire
Robert J. Grimm, Esquire
Attorney for the Defendant,
Robert N. Clarke, Esquire

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the within **Brief in Support of Motion to Dismiss** was served via regular U.S. Mail and electronically, to the following counsel on the 20th day of November, 2018:

Edward P. Semulka
148 Sherman Avenue
Etna, PA 15223
*(Plaintiff)*

*(Defendant, State of Pennsylvania)*

*(Defendant, Washington County Drug Task Force)*

/s/ Robert J. Grimm, Esquire
Robert J. Grimm, Esquire
Attorney for the Defendant,
Robert N. Clarke, Esquire