IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD P. SEMULKA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17cv846 |
| | ) | **Electronic Filing** |
| **ATTORNEY ROBERT CLARK**, | ) | |
| **STATE OF PENNSVANIA**, and | ) | |
| **WASHINGTON COUNTY DRUG** | ) | |
| **TASK FORCE**, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM
# AND ORDER OF COURT

Edward P. Semulka ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to establish a civil rights claim for "coercion in involuntary servitude" in violation of the Thirteenth Amendment to the United States Constitution. See Preliminary Statement in Plaintiff's "Third Amended Complaint" (Doc. No. 16) at 1. Defendant Robert Clark purportedly used false traffic citations and court dates to coerce plaintiff into becoming a drug informant and failed to be attentive to plaintiff's periods of incompetency during his service as a drug informant. Defendant Clark and police officers also "pressured plaintiff into using illicit drugs to gain confidence of illegal drug dealers." Each of these courses of conduct by defendants resulted "in Plaintiff's heroin overdose death and revival in October of 2016." Id. at 1.

This was all part of a grand authorization by Pennsylvania State Police officers to coerce citizens such as plaintiff into becoming drug informants to fight the war on drugs. Plaintiff fought in that war as an informant from 1985 through 1992. Plaintiff was again working in such

a capacity in October of 2016 when he "suffered a heroin overdose and was dead." Id. at 2. The heroin overdose was the direct result defendants pressuring plaintiff in the 1980s and 1990s to use illicit drugs and work as an informant. It was only at the direction of defendant Clark that plaintiff used illegal drugs. It was this use of illicit drugs that brought about his death in 2016. Id.

Plaintiff brings up other memories he has from these "events" as well. For example, he posits:

> In the words of the Canonsburg Police (according to a Greg Binotto), Canonsburg Police used false traffic citations and false traffic stops and conspired to stop plaintiff from marriage, stop plaintiff from entering the Air Force, and stop Plaintiff from continuing a construction company making up to $2200 per week partially due to unemployed disgruntled citizens with Canonsburg Police according to a Greg Binotto. Plaintiff was raped by a Dana Negley several times when placed at a witness protection house by defendants in Lower Burrell Pa. in 1986. Then Plaintiff was told by Attorney Robert Clark that Plaintiff could not tell Plaintiff's fiancé about the rapes. Since Plaintiff travelled from New Jersey to Washington County Pennsylvania 7 hours away to attend the false traffic citation hearings, Plaintiff was separated from his fiancé by the defendants ongoing investigation ruining Plaintiff's marital engagement as Canonsburg Police and Bernard Coleman planned according to a Greg Binotto.

Third Amended Complaint at p. 2. The "complaint" contains approximately 47 pages of similar assertions.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis.[1] First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine

---

[1] This court has not directed service of the complaint. Notwithstanding this, defendant Robert Clark apparently has elected to enter his appearance voluntarily even though he notes that service of plaintiff's "complaint" has never occurred. See, e.g., Doc. No. 17 at ¶ 2.

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" as amended reveals that it fails to state a claim upon which relief can be granted.  It is based on both indisputably meritless legal theory and factual contentions which are at the very least fanciful.  The complaint is devoid of any sound basis to infer or assume that any of the named defendants committed an actionable wrong against plaintiff.

It follows that the complaint is grounded in indisputably meritless legal theory and is otherwise fanciful.  Accordingly, the following order is appropriate.

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

# **ORDER**

AND NOW, this 21st day of February, 2019, for the reasons set forth in the memorandum above, IT IS ORDERED that [1] plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file [16] plaintiff's Third Amended Complaint as the operative "complaint" in this action; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" as amended be, and the same hereby is, **DISMISSED** for failure to state a claim. The Clerk of Court shall mark the case closed.

                                                                   s/David Stewart Cercone
                                                              David Stewart Cercone
                                                              Senior United States District Judge

cc:       Edward P. Semulka - *pro se*
           Robert J. Grimm, Esquire

           (*Via CM/ECF Electronic Mail*)